FILED 2018 FEB 16 PM 4:50
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2018 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 17-324(A)-SJO |
|---|---|
| Plaintiff, | **FIRST SUPERSEDING INDICTMENT** |
| v. | |
| STEPHEN CHRISTOPHER RONCA, | [18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1344(1): Financial Institution Fraud; 18 U.S.C. § 1014: False Statement to a Financial Institution] |
| Defendant. | |

The Grand Jury charges:

### COUNTS ONE THROUGH TWENTY-EIGHT

[18 U.S.C. § 1343]

A. INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. Rabobank N.A. ("Rabobank") was a bank headquartered in Roseville, California, with branches throughout California. Automatic Teller Machine ("ATM") transactions involving Rabobank accounts caused the transfer of financial information to Rabobank's computer servers in Roseville.

2. Heritage Oaks Bank was a bank headquartered in Paso Robles, California, with branches throughout California. Heritage Oaks Bank outsourced its online banking functions to Q2 Holdings, Inc., which processed online fund transfers between accounts held at Heritage Oaks Bank through computer servers located in Texas.

3. The Chumash Casino Resort ("Chumash Casino") was located in Santa Ynez, California. Point-of-sale transactions at Chumash Casino were processed through Global Payments, Inc., which processed such transactions through computer servers located in Georgia and Virginia. ATM transactions at Chumash Casino were processed through US Bank, which processed such transactions through computer servers located in Oregon, Minnesota, Texas, and elsewhere.

4. K.K., a resident of San Luis Obispo, California, was the settlor and original trustee of a living trust (the "Trust").

5. As the original trustee of the Trust, K.K. exercised control over an account for the Trust with account number ending in "953" at the Rabobank branch located at 2276 Broad Street in San Luis Obispo, California (the "Trust Account") until his death on or about March 13, 2012.

6. Defendant STEPHEN CHRISTOPHER RONCA ("RONCA") was an attorney licensed to practice law in the State of California. Defendant RONCA provided legal services to K.K. as trustee of the Trust and prepared the Trust documents.

7. Defendant RONCA exercised control over an Interest on Lawyers Trust Account with account number ending in "123" (the "IOLTA") as well as a checking account with account number ending in "186" (the "Checking Account") at the Heritage Oaks Bank branch located at 1135 Santa Rosa Street in San Luis Obispo, California.

B.   THE SCHEME TO DEFRAUD

8.   Beginning on a date unknown, and continuing through in or about February 2014, in San Luis Obispo County, within the Central District of California, and elsewhere, defendant RONCA, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud victim S.K. as to material matters, and to obtain money and property from S.K. by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

C.   THE MANNER AND MEANS OF THE SCHEME TO DEFRAUD

9.   The fraudulent scheme operated in the following manner:

   a.   On or about July 5, 2000, K.K. executed the original Trust documents, which defendant RONCA prepared.

   b.   On or about May 8, 2008, K.K. executed an Amendment and Restatement of the Trust (the "May 2008 Amendment and Restatement"), which defendant RONCA also prepared. The May 2008 Amendment and Restatement provided that, if S.K. survived K.K., she would become the beneficiary and successor trustee of the Trust.

   c.   In November 2011, K.K. sold a condominium located on Azalea Court in San Luis Obispo (the "Azalea Property") and moved into a condominium with S.K. that was located on Poinsettia Street in San Luis Obispo (the "Poinsettia Property"). The Poinsettia Property was part of the res of the Trust. After the sale of the Azalea Property, S.K. provided defendant RONCA with cashier's checks totaling $145,000 for him to hold for her use in the IOLTA. Defendant RONCA, however, caused those funds to be transferred from the IOLTA to his Checking Account, from which defendant RONCA withdrew those funds and used them for his personal benefit.

d. In January 2013, without authorization, defendant RONCA applied for and received a personal loan using the Poinsettia Property as collateral. As a result of this loan, approximately $89,392.22 was deposited into defendant RONCA's Bank of America checking account ending in "753" ("BofA Account") via the transfer of financial information by wire through New York and elsewhere. Defendant RONCA used the proceeds of the loan for his personal benefit. In May 2013, defendant RONCA sold the Poinsettia Property and used the proceeds from that sale to pay off the loan.

e. The remaining proceeds from the sale of the Poinsettia Property were deposited into the Trust Account. By February 2014, defendant RONCA had drained the Trust Account by making ATM withdrawals and point-of-sale purchases from casinos located in California and Nevada, by writing and depositing checks made out to himself, and by cashing checks made out to "Cash."

D. THE USE OF INTERSTATE WIRES

10. On or about the following dates, defendant RONCA, for the purpose of executing the above-described scheme to defraud, transferred money from the IOLTA to the Checking Account, which transmitted and caused the transmission of financial information by means of wire communication in interstate and foreign commerce from California to Texas, and elsewhere:

| COUNT | DATE | AMOUNT |
| --- | --- | --- |
| ONE | 5/30/2012 | $1,500 |
| TWO | 6/4/2012 | $1,000 |
| THREE | 6/5/2012 | $2,000 |
| FOUR | 6/12/2012 | $500 |

11. On or about the following date, defendant RONCA, for the purpose of executing the above-described scheme to defraud, caused money to be transferred from Comerica Bank to defendant RONCA's BofA Account, which transmitted and caused the transmission of financial information by means of wire communication in interstate and foreign commerce to New York, and elsewhere:

| COUNT | DATE | AMOUNT |
|---|---|---|
| FIVE | 1/29/13 | $89,392.22 |

12. On or about the following dates, defendant RONCA, for the purpose of executing the above-described scheme to defraud, withdrew money from the Trust Account at ATMs, which transmitted and caused the transmission of financial information by means of wire communication in interstate and foreign commerce at the locations specified below to the Central District of California, and elsewhere:

| COUNT | DATE | AMOUNT | LOCATION OF ATM |
|---|---|---|---|
| SIX | 8/7/13 | $503 | Las Vegas, Nevada |
| SEVEN | 8/18/13 | $505.99 | Stateline, Nevada |
| EIGHT | 9/12/13 | $505.99 | Stateline, Nevada |
| NINE | 9/16/13 | $505.99 | Stateline, Nevada |
| TEN | 10/24/13 | $505.99 | Stateline, Nevada |
| ELEVEN | 12/31/13 | $505.99 | Stateline, Nevada |

13. On or about the following dates, defendant RONCA, for the purpose of executing the above-described scheme to defraud, withdrew money from the Trust Account at ATMs, which transmitted and caused the transmission of financial information by means of wire

communication in interstate and foreign commerce from Chumash Casino in Santa Ynez, California to Oregon, Minnesota, Texas, or elsewhere:

| COUNT | DATE | AMOUNT |
|---|---|---|
| TWELVE | 5/3/13 | $403.50 |
| THIRTEEN | 10/14/13 | $503.50 |
| FOURTEEN | 11/6/13 | $503.50 |
| FIFTEEN | 12/4/13 | $503.50 |
| SIXTEEN | 2/3/14 | $503.50 |

14. On or about the following dates, defendant RONCA, for the purpose of executing the above-described scheme to defraud, caused money to be debited from the Trust Account by making point-of-sale transactions, which transmitted and caused the transmission of financial information by means of wire communication in interstate and foreign commerce from Stateline, Nevada, to the Central District of California, and elsewhere:

| COUNT | DATE | AMOUNT |
|---|---|---|
| SEVENTEEN | 9/15/13 | $1,065 |
| EIGHTEEN | 9/15/13 | $1,065 |
| NINETEEN | 9/17/13 | $1,065 |
| TWENTY | 10/27/13 | $516.95 |
| TWENTY-ONE | 10/27/13 | $2,105 |

15. On or about the following dates, defendant RONCA, for the purpose of executing the above-described scheme to defraud, caused money to be debited from the Trust Account by making point-of-sale transactions, which transmitted and caused the transmission of financial information by means of wire communication in interstate

6

and foreign commerce from Chumash Casino in Santa Ynez, California to Georgia and Virginia, and elsewhere:

| COUNT | DATE | AMOUNT |
|---|---|---|
| TWENTY-TWO | 5/6/13 | $619.65 |
| TWENTY-THREE | 11/20/13 | $1,080.50 |
| TWENTY-FOUR | 1/6/14 | $648.30 |
| TWENTY-FIVE | 1/21/14 | $972.45 |
| TWENTY-SIX | 1/29/14 | $972.45 |
| TWENTY-SEVEN | 2/4/14 | $540.25 |
| TWENTY-EIGHT | 2/20/14 | $540.25 |

## COUNTS TWENTY-NINE THROUGH THIRTY-EIGHT

[18 U.S.C. § 1343]

A. INTRODUCTORY ALLEGATIONS

16. The Grand Jury repeats, realleges, and incorporates all of the allegations of paragraphs 2, 3, 6, and 7 of this Indictment, as if fully set forth herein.

17. At all times relevant to this Indictment, Harvey's Lake Tahoe Hotel and Casino ("Harvey's Casino") was located in Stateline, Nevada. Beginning on or about April 1, 2014, point-of-sale transactions at Harvey's Casino were processed through Global Payments, Inc., which processed such transactions through computer servers located in Georgia and Virginia. Beginning on or about April 1, 2014, ATM transactions at Harvey's Casino were processed through US Bank, which processed such transactions through computer servers located in Oregon, Minnesota, Texas, and elsewhere.

18. Beginning on an unknown date and continuing through at least May 2014, defendant STEPHEN CHRISTOPHER RONCA ("RONCA") provided legal services to J.C. J.C. was a resident of San Luis Obispo, California.

19. At all times relevant to this Indictment, defendant RONCA exercised control over a checking account with account number ending in "353" (the "Business Checking Account") at the Heritage Oaks Bank branch located at 1135 Santa Rosa Street in San Luis Obispo, California.

B. THE SCHEME TO DEFRAUD

20. Beginning on a date unknown, and continuing through in or about February 2014, in San Luis Obispo County, within the Central District of California, and elsewhere, defendant RONCA, knowingly and

with intent to defraud, devised, participated in, and executed a scheme to obtain money from D.C. by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

C. THE MANNER AND MEANS OF THE SCHEME TO DEFRAUD

21. The fraudulent scheme operated in the following manner:

   a. In May 2014, defendant RONCA told D.C. that defendant RONCA was conducting a sale of J.C.'s property on J.C.'s behalf and at J.C.'s request in order to generate funds to pay J.C.'s outstanding medical bills. In fact, defendant RONCA intended to use the funds generated from the sale for defendant RONCA's own personal use and benefit.

   b. In May 2014, based in part on defendant RONCA's false representation that the funds from the sale would be provided to J.C., D.C. wrote a check to defendant RONCA for $9,080 in exchange for certain property belonging to J.C.

   c. On May 14, 2014, defendant RONCA deposited the check he received from D.C. for J.C.'s property into the IOLTA. The check was signed by D.C., was in the amount of $9,080, and stated in the memo line: "[J.C.] Property Cleanup Sale."

   d. On May 15 and May 19, 2014, defendant RONCA caused $5,000 of the funds he received from D.C. to be transferred from the IOLTA to the Business Checking Account, from which defendant RONCA withdrew those funds and used them for his personal benefit.

   e. On May 21, 2014, defendant RONCA caused $2,782 of the funds he received from D.C. to be transferred from the IOLTA to a nursing home in order to satisfy defendant RONCA's obligation to pay rent on behalf of another of his clients, S.K.

D.  THE USE OF INTERSTATE WIRES

22. On or about the following dates, defendant RONCA, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission, by means of wire communication in interstate and foreign commerce from the Central District of California to Texas, and elsewhere, of financial information, by transferring the following amounts from the IOLTA to the Business Checking Account:

| COUNT | DATE | AMOUNT |
|---|---|---|
| TWENTY-NINE | 5/15/2014 | $3,000 |
| THIRTY | 5/19/2014 | $2,000 |

23. On or about the following date, defendant RONCA, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission, by means of wire communication in interstate and foreign commerce from Harvey's Casino in Stateline, Nevada to the Central District of California, Oregon, Minnesota, Texas, or elsewhere, of financial information, by withdrawing the following amount from the Business Checking Account via ATM:

| COUNT | DATE | AMOUNT |
|---|---|---|
| THIRTY-ONE | 5/19/2014 | $305.99 |

24. On or about the following dates, defendant RONCA, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission, by means of wire communication in interstate and foreign commerce from Harvey's Casino in Stateline, Nevada to the Central District of California, Texas,

10

Georgia, Virginia, and elsewhere, of financial information, by causing money to be debited from the Business Checking Account by making point-of-sale transactions in the following amounts:

| COUNT | DATE | AMOUNT |
|---|---|---|
| THIRTY-TWO | 5/19/2014 | $834.95 |
| THIRTY-THREE | 5/19/2014 | $938.95 |
| THIRTY-FOUR | 5/19/2014 | $329.99 |
| THIRTY-FIVE | 5/19/2014 | $114.99 |

25. On or about the following date, defendant RONCA, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission, by means of wire communication in interstate and foreign commerce from Chumash Casino in Santa Ynez, California to Oregon, Minnesota, Texas, or elsewhere, of financial information, by withdrawing the following amounts from the Business Checking Account at an ATM:

| COUNT | DATE | AMOUNT |
|---|---|---|
| THIRTY-SIX | 5/27/2014 | $303.50 |
| THIRTY-SEVEN | 5/27/2014 | $203.50 |

26. On or about the following date, defendant RONCA, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission, by means of wire communication in interstate and foreign commerce from Chumash Casino in Santa Ynez, California to Texas, Georgia, Virginia, and elsewhere,

//
//

1 of financial information, by causing money to be debited from the
2 Business Checking Account in the following amount:

| COUNT | DATE | AMOUNT |
|---|---|---|
| THIRTY-EIGHT | 5/27/2014 | $310.80 |

## COUNT THIRTY-NINE

[18 U.S.C. § 1344(1)]

A. INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

27. Defendant STEPHEN CHRISTOPHER RONCA ("RONCA") was the sole owner of the property located at 625 Al-Hil Drive, San Luis Obispo, California (the "Al-Hil Property").

28. Nationstar Mortgage Holdings, Inc. ("Nationstar") was a financial institution and mortgage lending business headquartered in Dallas, Texas.

29. Defendant RONCA was a borrower on a mortgage loan held by Nationstar for the Al-Hil Property.

B. THE SCHEME TO DEFRAUD

30. Beginning on or about December 15, 2014 and continuing through on or about March 26, 2015, in San Luis Obispo County, within the Central District of California, and elsewhere, defendant RONCA, knowingly and with intent to defraud, devised, participated in, and executed and attempted to execute a scheme to defraud Nationstar as to material matters.

C. THE MANNER AND MEANS OF THE SCHEME TO DEFRAUD

31. The fraudulent scheme operated, in substance, in the following manner:

    a. On or about December 15, 2014, defendant RONCA submitted an application to Nationstar for a modification of the mortgage loan on the Al-Hil Property (the "Modification Application").

   b. In December, February, and March 2015, defendant RONCA submitted false and fraudulent documents to Nationstar in support of the Modification Application.

   c. On or about March 26, 2015, in part due to defendant RONCA's submission of false and fraudulent documents, Nationstar granted the modification application.

D. <u>EXECUTION OF THE FRAUDULENT SCHEME</u>

  32. On or about the following dates, in San Luis Obispo County, within the Central District of California, defendant RONCA committed the following acts, which constituted an execution and attempted execution of the fraudulent scheme:

   a. On or about December 15, 2014, defendant RONCA sent a facsimile to Nationstar containing the modification application stating that the Al-Hil property was "Renter Occupied" and generated $4,500 per month in rental income, when in truth and in fact, as defendant RONCA then well knew, the Al-Hil property had not been rented and did not generate any rental income.

   b. On or about February 24, 2015, in support of the modification application, defendant RONCA sent a facsimile or e-mail to Nationstar containing a lease agreement bearing his signature and a forged signature for "Vic Russell," stating that "Vic Russell" agreed to lease the Al-Hil Property from January 1, 2015, through January 1, 2016, for $4,500 per month, when in truth and in fact, as defendant RONCA then well knew, "Vic Russell" had not agreed to lease the Al-Hil Property from January 1, 2015, through January 1, 2016, for $4,500 per month.

   c. On or about February 24, 2015, in support of the modification application, defendant RONCA sent a facsimile or e-mail

Case 2:17-cr-00324-SJO Document 38 Filed 02/16/18 Page 15 of 17 Page ID #:275

to Nationstar containing copies of two receipts bearing his signature, stating that "Vic Russell" had paid defendant RONCA $4,500 in January 2015, and $4,500 in February 2015, to rent the Al-Hil Property, when in truth and in fact, as defendant RONCA then well knew, "Vic Russell" had not paid defendant RONCA $4,500 in January 2015, or $4,500 in February 2015, to rent the Al-Hil Property.

       d.   On or about March 10, 2015, in support of the modification application, defendant RONCA sent a facsimile or e-mail to Nationstar containing copies of two receipts bearing his signature and a forged signature for "Vic Russell," stating that "Vic Russell" had paid defendant RONCA $4,500 in January 2015, and $4,500 in February 2015, to rent the Al-Hil Property, when in truth and in fact, as defendant RONCA then well knew, "Vic Russell" had not paid defendant RONCA $4,500 in January 2015, or $4,500 in February 2015, to rent the Al-Hil Property.

COUNTS FORTY THROUGH FORTY-THREE

[18 U.S.C. § 1014]

33. The Grand Jury repeats, realleges, and incorporates all of the allegations of paragraphs 27 through 29 of this Indictment, as if fully set forth herein.

34. On or about the following dates, in San Luis Obispo County, within the Central District of California, defendant STEPHEN CHRISTOPHER RONCA ("RONCA") knowingly made the following false statements to Nationstar, a mortgage lending business, for the purpose of influencing the actions of Nationstar in connection with defendant RONCA's application to obtain a modification of a loan (the "Modification Application") on the Al-Hil Property:

| COUNT | DATE | DOCUMENT | FALSE STATEMENT(S) |
|---|---|---|---|
| FORTY | December 15, 2014 | Modification Application | Defendant RONCA falsely stated that the Al-Hil Property was "Renter Occupied" and generated $4,500 per month in rental income, when in truth and in fact, as defendant RONCA then well knew, the Al-Hil property had not been rented and did not generate any rental income. |
| FORTY-ONE | February 24, 2015 | Lease agreement filed in support of the Modification Application | Defendant RONCA falsely stated that "Vic Russell" signed an agreement to lease the Al-Hil Property from January 1, 2015, through January 1, 2016, for $4,500 per month, when in truth and in fact, as defendant RONCA then well knew, "Vic Russell" had not signed an agreement to lease the Al-Hil Property from January 1, 2015, through January 1, 2016, for $4,500 per month. |

| COUNT | DATE | DOCUMENT | FALSE STATEMENT(S) |
|---|---|---|---|
| FORTY-TWO | February 24, 2015 | Rental receipts filed in support of the Modification Application | Defendant RONCA falsely stated that "Vic Russell" had paid defendant RONCA $4,500 in January 2015, and $4,500 in February 2015, to rent the Al-Hil Property, when in truth and in fact, as defendant RONCA then well knew, "Vic Russell" had not paid defendant RONCA $4,500 in January 2015, or $4,500 in February 2015, to rent the Al-Hil Property. |
| FORTY-THREE | March 10, 2015 | Rental receipts filed in support of the Modification Application | Defendant RONCA falsely stated that "Vic Russell" had paid defendant RONCA $4,500 in January 2015, and $4,500 in February 2015, to rent the Al-Hil Property, when in truth and in fact, as defendant RONCA then well knew, "Vic Russell" had not paid defendant RONCA $4,500 in January 2015, or $4,500 in February 2015, to rent the Al-Hil Property. |

A TRUE BILL

/S/
Foreperson

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

CHRISTINA T. SHAY
Assistant United States Attorney
Deputy Chief, General Crimes Section

DAVID T. RYAN
Assistant United States Attorney
General Crimes Section